

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-69,291-01

### EX PARTE CALVIN LETROY HUNTER

### ON APPLICATION FOR WRIT OF HABEAS CORPUS FROM CAUSE NO. 968719 IN THE 230TH DISTRICT COURT HARRIS COUNTY

*Per curiam.*

**O P I N I O N**

Applicant was convicted of the offense of capital murder in July 2004. Based on the jury's answers to the special issues set forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the trial judge sentenced appellant to death. The jury also determined the issue of mental retardation at Applicant's trial. Dr. George Carl Denkowski testified as an expert witness for the State on the issue of mental retardation.

On direct appeal, Applicant argued that the evidence was insufficient to support

the jury's determination that he is not mentally retarded. This Court overruled that point of error and affirmed the judgment of the trial court. *Hunter v. State*, 243 S.W.3d 664 (Tex. Crim. App. 2007).

In his initial writ, Applicant alleged that he was denied due process and a fair trial because Denkowski provided materially incorrect testimony with regard to the mental retardation issue. This Court denied relief. *Ex parte Hunter*, No. WR-69,291-01 (Tex. Crim. App. September 24, 2008)(not designated for publication). Applicant again raised these issues in his first subsequent writ application, which this Court dismissed as an abuse of the writ. *Ex parte Hunter,* No. WR-69,291-02 (Tex. Crim. App. January 27, 2010)(not designated for publication).

The record reflects that Applicant challenged his conviction in Cause No. 4:10-cv-00778, styled *Calvin Hunter v. Rick Thaler,* in the United States District Court for the Southern District of Texas, Houston Division. On June 6, 2011, the federal district court entered an order staying its proceedings for Applicant to return to state court to present his claims.

In April 2011, Denkowski entered into a Settlement Agreement with the Texas State Board of Examiners of Psychologists, in which his license was "reprimanded." Pursuant to this Settlement Agreement, Denkowski agreed to not accept any engagement to perform forensic psychological services in the evaluation of subjects for mental retardation or intellectual disability in criminal proceedings. Applicant raised the

Denkowski issues a third time in his second subsequent writ application, *Ex parte Hunter,* No. WR-69,291-03, which was received in this Court on January 27, 2012. We construed that application as a suggestion that this Court reconsider on its own initiative its 2008 denial of his initial writ application. On April 25, 2012, we exercised our authority to reconsider the initial writ application on our own initiative, and we remanded it to allow the trial court the opportunity to re-evaluate its initial findings, conclusions, and recommendation in light of the Denkowski Settlement Agreement. On July 17, 2014, the trial court signed findings of fact and conclusions of law recommending that relief be granted and that the cause be remanded for a new punishment trial.

This Court determined that the trial court's July 17, 2014 recommendation was not sufficiently supported by the record. On April 22, 2015, this Court remanded the cause to the trial court for further findings of fact and conclusions of law as to (1) whether Denkowski gave false testimony at trial with respect to adaptive deficits and (2) whether, in light of all of the evidence presented at trial and in punishment, there is a reasonable likelihood that Denkowski's testimony affected the judgment of the jury. On October 1, 2015, the trial court signed findings of fact and conclusions of law again recommending that relief be granted and that the cause be remanded for a new punishment trial. The trial court concluded that Denkowski "provided unreliable and false testimony" which "more likely than not contributed to the jury's rejection of [Applicant's] intellectual disability claim."

We have reviewed the record and the October 1, 2015 findings of fact and conclusions of law. Based upon the trial court's findings and conclusions and our own review, we grant relief on Applicant's claim in his initial writ application that Denkowski provided materially incorrect testimony with regard to the mental retardation issue at the punishment phase of trial. *See Ex parte Chabot,* 300 S.W.3d 768 (Tex. Crim. App. 2009); *Ex parte Weinstein,* 421 S.W.3d 656 (Tex. Crim. App. 2014). We remand this cause to the trial court for a new punishment hearing.

DELIVERED: March 9, 2016
DO NOT PUBLISH